UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AFS TECHNOLOGIES, INC.,

        Plaintiff,
v.                                    3:14-cv-00134 (CSH)

ROBERT HARRISON and
HENRY VANDER WAAL,

        Defendants.

**ORDER**

**HAIGHT, Senior District Judge:**

       The parties to the captioned action in this Court are also the parties in an action pending in the United States District Court for the Western District of Michigan, Southern Division, No. 1:14-cv-94, before District Judge Gordon J. Quist. In a thoughtful and comprehensive opinion filed on April 4, 2014, familiarity with which is assumed, Judge Quist denied ASF Technologies' motion to transfer the Michigan action to this District. He applied the first-to-file rule to the circumstances of the litigation, which militated in favor of retaining in Michigan the action commenced there by Vander Waal and Harrison. Judge Quist also carefully reviewed the factors relevant to a transfer of venue under 28 U.S.C. section 1404(a), and concluded that "they weigh against transferring the Harrison breach of contract and related claims to the District of Connecticut." April 4, 2014 Opinion [Doc. 12 in Michigan action] at 16.

       During the course of his opinion, Judge Quist accurately observed that "both cases will almost certainly involve issues regarding the nature of AFS's business, its relationship with its

1

customers, and whether Vander Waal is a competitor of AFS." *Id*. at 7.  In those circumstances, application of the first-to-file rule "will allow all issues to be tried in one action without the risk of conflicting judgments and will benefit all parties by eliminating duplicative litigation efforts and minimizing expenses." *Id*. at 8.  To that conclusion, Judge Quist added his section 1404(a) analysis, with its corollary conclusion that "Combining the [two] cases before one court who can supervise discovery, determine motions and conduct a trial on the merits if necessary promotes judicial economy and efficiency." *Id*. at 16 (citation and internal quotation marks omitted).

I agree entirely with Judge Quist's conclusions and the reasoning by which he arrives at them.  The only way the salutary purposes he describes can be achieved is for the action presently pending in this District to be transferred to the Western District of Michigan, there to be combined with No. 1:14-cv-94 in that Court.  In consequence, the Clerk of this Court is directed to transfer this case to the Western District of Michigan, Southern Division.  I make that Order *sua sponte*, in application of the first-to-file rule and in recognition of the section 1404(a) factors, an aspect of the litigation where my evaluation is the same as that expressed by Judge Quist.

After transfer as been completed, the Clerk of this Court is further directed to close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
April 17, 2014

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

2